E-FILED
Friday, 24 April, 2026  04:12:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RONALD WEEDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1452 |
| | ) | |
| MINDI NURSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges events that occurred during his incarcerated at Pontiac Correctional Center. Plaintiff alleges that around June 2023 he filed an emergency grievance alleging that inmates in the Behavior Modification Unit (BMU)/Residential Treatment Unit (RTU) were in danger. Plaintiff alleges that Defendant Nurse granted his request for expedited review, and that

he relayed the same concerns to Defendants Lewis and John Doe IA lieutenant during the ensuing Internal Affairs review of his grievance.

Plaintiff alleges that another inmate attacked him with a knife on the prison yard on December 25, 2023, after Defendants Shelton, Gish, John Doe Lieutenant allowed him and other inmates into the yard without conducting searches the prison rules require. He alleges he was stabbed in the eyelid, slashed across the forehead, stabbed in the hand three times, and suffered a "busted" nose and two black eyes.

Plaintiff alleges that Defendant Ashley told him on the day of the attack that his injuries were not serious, that Defendants Rambo and Davis would not allow her to send Plaintiff to the hospital, and that Plaintiff would see a doctor in a couple of days. Plaintiff alleges that Defendant John or Jane Doe Head Medical Director unnecessarily delayed outside treatment for his eye, and that Defendants Davis, Rambo, Gish, and Shelton prevented him from receiving medication for the injuries as prescribed.

Plaintiff alleges that Defendants Paul and Worster knew about his safety and medical issues, but they did nothing.

Plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Nurse, Lewis, John Doe Internal Affairs Lieutenant, Shelton, Gish, and John Doe Lieutenant, and an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Ashley, Rambo, Davis, John or Jane Doe Medical Director, Gish, and Shelton. Each claim proceeds against the respective defendants in their individual capacities. *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015); *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff's allegations against Defendants Paul and Worster do not permit a plausible inference that they had the ability to act on Plaintiff's situation. The Court finds that Plaintiff fails to state a claim against these defendants. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job.").

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff indicates that he is a high school graduate. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court does not have sufficient information to determine how Plaintiff's mental health issues affect his ability to litigate. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Nurse, Lewis, John Doe Internal Affairs Lieutenant, Shelton, Gish, and John Doe Lieutenant, and an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Ashley, Rambo, Davis, John or Jane Doe Medical Director, Gish, and Shelton. Each claim proceeds against the respective defendants in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Samantha Worster, Paul, John Doe Head of Tac Team, John Doe IA, and John Doe Correctional Officer as defendants.

12.     The clerk is directed to attempt service on Defendants Nurse, Lewis, Shelton, Gish, Ashley, Rambo, and Davis pursuant to the standard procedures.

13.     Plaintiff's Motion [5] is DENIED with leave to renew.

Entered this 24th day of April, 2026.

_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE